IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THELDA F. PINEDA,

   Plaintiff,

 v.

WELLS FARGO HOME LOANS, et al.,

   Defendants.
_____/

No. C 09-04833 CW

ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER

  Plaintiff Thelda F. Pineda moves ex parte for a temporary restraining order prohibiting Defendants from conducting a trustee sale of her property located at 8 Independence Drive, American Canyon, California on October 14, 2009.

  A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction." Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he

is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008).  "[T]he required showing of harm varies inversely with the required showing of meritoriousness."  Indep. Living Ctr. of S. Cal., Inc. v. Shewry, 543 F.3d 1047, 1049 (9th Cir. 2008) (quoting Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987)).  "When the balance of harm 'tips decidedly toward the plaintiff,' injunctive relief may be granted if the plaintiff raises questions 'serious enough to require litigation.'"  Id. (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

Plaintiff's home has been in foreclosure proceedings since at least June 19, 2009; however, she waited until the day before the trustee sale to file an ex parte application for an order to halt the sale.  The timing of this application weighs against her request.  Further, although the balance of the harm tips toward Plaintiff, she has not presented the requisite showing of meritoriousness required for the Court to issue an injunction.  Plaintiff's request for immediate ex parte relief is therefore DENIED.  If Plaintiff's request does not become moot by the trustee sale, Plaintiff may file a regularly noticed motion for a preliminary injunction.  See N.D. Cal. Civ. R. 7-2.

IT IS SO ORDERED.

Dated: 10/13/09

CLAUDIA WILKEN
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

THELDA F. PINEDA,

        Plaintiff,

v.

WELLS FARGO HOME LOANS et al,

        Defendant.

Case Number: CV09-04833 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thelda F. Pineda
8 Independence Drive
American Canyon, CA 94503

Dated: October 13, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk